UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE WILLIAMS,

           Plaintiff,

           v.                                                     Case No. 07-C-0456

MIKE THURMER,
BRUCE A. SIEDSCHLAG,
ANGELIA KROLL,
JAMES MUENCHOW,
CAPTAIN GEMPELER,
C.O. II BEAHM,
DON STRAHOTA and
MR. POLINSKI,

           Defendants.

## DECISION AND ORDER

      Plaintiff, Willie Williams, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. Additionally, the plaintiff has filed the following: a motion to add defendants and correct the spelling of his name, a motion to add a party, a motion for temporary restraining order, a motion to amend a defendant's name and a motion for order. All applications will be addressed herein.

### I. MOTION TO PROCEED IN FORMA PAUPERIS

      The plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If the plaintiff does not have the money to pay the filing fee, he can request

leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, a prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of his trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in his trust account for the six-month period immediately proceeding the filing of the complaint. *Id.*

In accordance with this court's order of May 25, 2007, the plaintiff has paid the initial partial filing fee of $1.58. Hence, he will be permitted to proceed *in forma pauperis*. The $348.42 balance of the filing fee will be collected as set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

2

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## Complaint Averments

The plaintiff is currently incarcerated at Waupun Correctional Institution (WCI). Defendant Mike Thurmer is the Warden of WCI. Defendant Bruce Siedschlag is the WCI Program Supervisor. Defendant Mr. Polinski is the PRC Coordinator at WCI. Defendants Angelia E. Kroll and James Muenchow are Inmate Complaint Examiners at WCI. Defendant Gempeler is a WCI Captain. Defendant Beahm is a WCI Correctional Officer. Defendant Strahota is the Security Director at WCI.

On March 6, 2007, defendant Gempeler came to the plaintiff's cell and told him that he needed to be strip searched. The plaintiff complied and left with defendant Gempeler. Defendant Gempeler then advised the plaintiff that, while he was away, all of his property had been taken out of his cell. When the plaintiff was later returned to his cell, he saw that all of his property had been removed, including his legal materials, religious items, toothpaste and soap. Additionally, the contact information for the plaintiff's state public defender went missing.

For reasons that are unclear, the plaintiff subsequently received a conduct report and was restricted from possessing any paper from March 6 to March 14, 2007. The plaintiff's religious and legal materials were never returned. When the plaintiff asked Sergeant Beasley to return his missing items, she advised him to write to the general population property room. The plaintiff wrote to the general population property room, but was not able to locate his missing property. Therefore, the plaintiff then wrote to defendants Kroll, Muenchow, Siedschlag, Thurmer and Beasley, inquiring about his missing property. However, defendants Kroll, Muenchow and Thurmer denied all of the plaintiff's inmate complaints regarding his missing property.

Defendant Gempeler told the plaintiff that he was prohibited from possessing a copy of the Qur'an, although Christian inmates were not prevented from obtaining copies of the Bible. According to the plaintiff, denial of the Qur'an and his religious materials substantially burdened his religious beliefs because he was unable to recite from the Qur'an before and after praying.

The plaintiff attempted to write inmate complaints about his legal and religious material being seized. However, every time he wrote a grievance it was denied by the Inmate Complaint Examiner, thereby frustrating his ability to gain access to the courts. Additionally, the plaintiff was prevented from possessing a pen.

4

During March and April, 2007, defendant Sergeant Unknown, with defendant Thurmer's knowledge, subjected the plaintiff to 24 hour illumination for 60 days. As a result, the plaintiff suffered weight loss, hair loss, loss of sleep and mental health issues.

On March 6, 2007, defendant Sergeant Unknown started to come to the plaintiff's cell everyday to harass him. Specifically, defendant Sergeant Unknown looked into the plaintiff's cell to determine whether he had in his possession any religious material.

On an unknown date, John McDonald, a social worker came to the plaintiff's cell and asked him if he wanted to attend a PRC hearing the next week. Before the plaintiff could reply, McDonald said, "I'll take that as a no." (Compl. at 10). Subsequently, the plaintiff wrote to defendant Polinski, who is the PRC Supervisor, to tell him that he wanted to appear at the hearing. However, defendant Polinksi never sent anyone to the plaintiff's cell to retrieve him for his hearing.

Ms. Root, the plaintiff's general population social worker, was allegedly on vacation at the time of the plaintiff's PRC hearing. However, Ms. Root somehow submitted a statement regarding the plaintiff's institutional placement. The same thing happened when the plaintiff was incarcerated at Dodge Correctional Institution; his social worker recommended that he be classified as maximum security and denied PRC.

For relief, the plaintiff demands monetary damages. He also demands several types of injunctive relief, including an order prohibiting the defendants from imposing future paper restrictions on the plaintiff and other inmates.

Analysis

A.   Due Process

The plaintiff alleges that his due process rights were violated when the defendants seized his personal property from his cell. An individual is entitled to an opportunity for a hearing before the state permanently deprives him of his property. *Parratt v. Taylor*, 451 U.S. 527, 540 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). However, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the state fails to provide an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Wisconsin law provides tort remedies to individuals whose property has been converted or damaged by another. *See* Wis. Stat. §§ 893.34 and 893.51. If a deprivation of property did not occur as the result of some established state procedure and state law provides an adequate post-deprivation remedy for redressing the missing property, due process has been satisfied. *Parratt*, 451 U.S. at 543-44; *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (holding that Wisconsin's post-deprivation procedures are adequate, albeit in a different context). In the present case, it is unclear whether the alleged wrongdoing occurred pursuant to a constitutionally infirm policy or whether the defendants' conduct was random and unauthorized. Because the court has been instructed to construe such doubts in the plaintiff's favor, the plaintiff has stated a due process claim.

Next, the plaintiff argues that he was denied due process when John McDonald prevented him from attending his PRC hearing and Ms. Root recommended him for maximum security placement. To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process

6

Clause itself. *See Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). The Due Process Clause does not extend to prisoner security classifications (at least insofar as those classifications do not require prisoners to be placed in atypical, super-maximum security custody). *Wilkinson v. Austin*, 545 U.S. 545 209 (2005); *see also Moody v Daggett*, 429 U.S. 78, 88 n. 9 (1976)(no legitimate statutory or constitutional entitlement sufficient to invoke due process in prisoner classification); *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005)(no constitutional right to be placed in specific security classification); *Neal v. Shimoda*, 131 F.3d 818, 828 (9th Cir. 1997)(prisoner does not have constitutional right to receive particular security classification); *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir. 1987)("An inmate has no legitimate expectation under the Due Process Clause of being assigned to a particular institution or in receiving a particular security classification."). Thus, the plaintiff may not proceed on this claim.

B.     First Amendment and RLUIPA

The plaintiff contends that the defendants' seizure of his religious materials violated the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Additionally, the plaintiff claims that he was denied basic hygiene items, such as toothpaste and soap and, therefore, was prevented from cleaning himself prior to praying, which is an essential component of his religion. The standards for stating a claim under the Free Exercise Clause and RLUIPA are essentially the same. The Free Exercise Clause protects a prisoner's right to practice his religion as long as doing so does not unduly burden the institution. *Richards v. White*, 957 F.2d 471, 474 (7th Cir. 1992). Thus, to prevail under the Free Exercise Clause, the plaintiffs must show that a central religious belief or practice was substantially burdened. *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005)(citing *Hernandez v.*

7

*Comm'n of Internal Revenue*, 490 U.S. 680, 699 (1989)). Similarly, under RLUIPA, prisons that receive federal funding are prohibited from burdening a prisoner's exercise of religion substantially unless the prison has a compelling interest and employs the least restrictive means possible for protecting that interest. *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003). Because the Wisconsin prison system receives federal funding, a prisoner need only allege that the prison has substantially burdened a religious belief in order to state a claim under RLUIPA. *Id.* In this case, the plaintiff has alleged that defendants prevented him from obtaining and possessing the Qu'ran and other religious material and from cleaning himself prior to praying. Taking the plaintiff's allegations as true, the court finds that he has stated claims for relief under the First Amendment and RLUIPA.

C.     Equal Protection

The plaintiff alleges that the defendants prevented him from possessing a copy of the Qu'ran while Christian inmates were permitted to possess Bibles. To comply with equal protection, governmental entities are generally required to treat all similarly situated persons in a similar manner. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Where the circumstances do not involve a suspect classification such as race or gender, an inmate who challenges a particular prison practice or regulation must show or indicate that the regulation is not reasonably related to a legitimate governmental concern, or must demonstrate that the challenged regulation or practice is an exaggerated response to those concerns. *See Caldwell v. Miller*, 790 F.2d 589, 609 (7th Cir. 1986). A prison regulation that treats inmates unequally will be upheld if it is reasonable in light of legitimate penological interests. *May v. Sheahan,* 226 F.3d 876, 882 (7th Cir. 2000). Here, the plaintiff has asserted that he was treated differently than other inmates

8

based on his religion. Therefore, the court finds that the plaintiff has alleged facts sufficient to state an equal protection claim.

D.     Eighth Amendment

The plaintiff asserts that while he was incarcerated at WCI he was subjected to 24-hour illumination. To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that deprives the inmate "the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Only extreme deprivations will support an Eighth Amendment claim. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Prison officials are deliberately indifferent to deprivations suffered by inmates if they have knowledge of the condition but refuse to take steps to correct it. *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997).

An environment of constant illumination may violate the Eighth Amendment if it causes sleep deprivation or leads to other serious physical or mental health problems. *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (24-hour illumination by fluorescent lights not dimmed at night); *King v. Frank*, 371 F. Supp.2d 977, 984-85 (W.D. Wis. May 26, 2005) (a condition of confinement such as constant illumination violates the Eighth Amendment if it denies the inmate "the civilized measure of life's necessities."). In this case, the plaintiff has averred that the illumination resulted in weight loss, hair loss, loss of sleep and mental health issues. Therefore, the plaintiff may proceed on a constant illumination claim.

9

The plaintiff also contends that his toothpaste and soap were taken from his cell. A denial of personal hygiene items will violate the Eighth Amendment only where the denial deprives an inmate of the "minimal civilized measure of life's necessities." *Rhodes,* 452 U.S. at 347. However, conditions that create "temporary inconveniences and discomforts" are insufficient to state an Eighth Amendment claim. *Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971). In the present case, it is unclear how long the plaintiff went without soap and toothpaste and whether such deprivation rises above a temporary inconvenience. Inasmuch as the court has been instructed to construe such doubts in the plaintiff's favor, he may proceed on this claim.

E.  Harrassment

The plaintiff avers that defendant Sergeant Unknown came to his cell everyday to harass him and to determine whether he had in his possession any Islamic material. While the defendant's conduct may have been unprofessional, it does not violate the plaintiff's constitutional rights. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *see also Mallory v. Winchester*, No. 06-CV-136, 2006 WL 3714838, at *2 (N.D. Ind. Dec. 12, 2006)(citing *DeWalt* to find that verbal harassment by prison officials did not violate plaintiff's first amendment rights). Moreover, this court is required to analyze the plaintiff's allegations under the most "explicit source[s] of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Here, the salient claims regarding religion arise under the First Amendment and RLUIPA. Accordingly, the plaintiff has failed to state a claim for harassment.

10

F.  Access to the Courts

The plaintiff claims that the defendants violated his right of access to the courts when they seized his legal materials, destroyed the contact information for his state public defender, and denied him pen and paper. Furthermore, he claims that he was denied access to the courts when the defendants frustrated his ability to file inmate complaints. Prisoners have a due process right of access to the courts and must be given a reasonably adequate opportunity to present their claims. *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Such access must be effective and meaningful. *Id.* at 822. To succeed on a claim of denial of access to the courts, a plaintiff must show that any alleged interference caused actual injury and hindered efforts to pursue a legal claim respecting a basic constitutional right. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, the plaintiff has arguably stated an access to the courts claim.[1]

In sum, the plaintiff may proceed on his due process, access to the courts, Eighth Amendment, First Amendment and RLUIPA claims as described herein. However, the plaintiff's allegations concerning his PRC hearing and harassment fail to state a claim and will be dismissed.

## II. MOTIONS TO ADD DEFENDANTS AND CORRECT THE SPELLING OF PLAINTIFF'S NAME

On July 20 and July 31, 2007, the plaintiff filed a motion to add Ms. Root and John McDonald as defendants in this action. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

---

[1] It is unclear what type of legal action the plaintiff was prosecuting. However, in the event that the plaintiff is alleging that the defendants interfered with his ability to prosecute a habeas corpus action, his access to the courts claim may be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Hoard v. Reddy*, 175 F.3d 531, 533 (7th Cir. 1999)(unless a prisoner has his criminal judgment annulled before filing a § 1983 action seeking monetary damages based on a prison official's interference with his habeas petition, such action is barred pursuant to *Heck*).

11

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a plaintiff will not be allowed to amend his complaint if such amendments will be futile. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993); *see also Crestview Village v. United States Dep't of Hous. and Dev.*, 338 F.3d 552, 558 (7th Cir. 2004)(a court may deny leave to amend if the proposed amendment fails to cure the deficiencies of the complaint). For example, if the claims in the amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, the court will not grant leave to file the amended complaint. *Moore,* 999 F.2d at 1128.

At the outset, the court notes that the plaintiff's motions fail to comply with Civil Local Rule 15.1 (E.D. Wis.), which requires that he attach to any motion to amend the complaint a copy of the proposed amended pleasing. Nevertheless, the plaintiff's motion will be denied for other reasons.

The plaintiff contends that Ms. Root and John McDonald were identified as defendants in the original complaint. However, review of the complaint indicates that Ms. Root and John McDonald are not listed in the complaint caption. Therefore, neither Ms. Root nor John McDonald is a party in this action. *See Myles v. United States*, 416 F.3d 551 (7th Cir. 2005)(to make someone a party the plaintiff must specify him in the caption and arrange for service of process; the court cannot add litigants on its own motion).

Next, the plaintiff argues that Ms. Root should be added as a defendant because she did not attend his PRC hearing and recommended him for maximum security classification. As discussed

12

above, this allegation fails to state a due process claim. Thus, the plaintiff's request to add Ms. Root as a defendant will be denied.

Next, the plaintiff asserts that John McDonald should be added as a defendant because he stated that the plaintiff did not want to appear at his PRC hearing when, in fact, the plaintiff did want to be present at the hearing. As discussed herein, this allegation also fails to make out a due process claim. Accordingly, the plaintiff's request to add John McDonald as a defendant in this action will be denied.

Finally, by his July 20, 2007, motion, the plaintiff asks that the court refrain from using the plaintiff's middle initial. Review of the prior order of May 25, 2007, indicates that the plaintiff was not identified by a middle initial. Thus, the plaintiff's request will be denied.

### III. MOTION TO CHANGE THE NAME OF A DEFENDANT

On August 6, 2007, the plaintiff filed a motion requesting leave to change the name of Ms. Root to Ms. Johnson. However, Ms. Root is not a defendant in this case and the plaintiff has not been permitted to proceed on any claims against her. Therefore, the plaintiff's motion to amend the complaint to change the name of Ms. Root will be denied.

### IV. MOTION FOR TEMPORARY RESTRAINING ORDER

On August 6, 2007, the plaintiff filed a motion asking that he be immediately transferred out of WCI and that "action be adminstred (sic) against the Warden Mike Thurmer." (Pl.s' Mot. for TRO at 3). As grounds for his request, the plaintiff states: (1) Correctional Officer Gorske and Sergeant Navis, acting on behalf of defendants Donald Strahota and Bruce Siedschlag, threatened to place him in segregation if he does not dismiss this civil rights action; and (2) he fears for his life.

13

The standards for a temporary restraining order and preliminary injunction are identical. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). When considering whether to grant a preliminary injunction, the court must first consider "whether the moving party has demonstrated: 1) a reasonable likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm if preliminary relief is denied." *Aircraft Owners & Pilots Ass'n v. Hinson*, 102 F.3d 1421, 1424-25 (7th Cir. 1996)(internal citations omitted). If the moving party has demonstrated those items to the satisfaction of the court, then it must look at: 3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied, and 4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties." *Id.* The Court of Appeals for the Seventh Circuit had adopted a sliding scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. *Ty, Inc. v. Jones Group*, 237 F.3d 891, 895-96 (7th Cir. 2001).

In the present case, the plaintiff has given no indication that he lacks an adequate remedy at law. Moreover, the plaintiff has not demonstrated that he stands to suffer irreparable harm. Rather, he has charged the defendants with threatening to retaliate against him. Thus, the plaintiff's motion for temporary restraining order will be denied.

V. MOTION FOR ORDER

On August 17, 2007, the plaintiff filed a motion requesting that he be provided with a copy of a § 1983 complaint form, a waiver of service of summons form and an institutional authorization form. Review of the docket in this case reveals that the Clerk of Court forwarded these documents

14

to the plaintiff on August 17, 2007. Therefore, the plaintiff's motion for order will be denied as moot.

IT IS THEREFORE ORDERED that the plaintiff's petition to proceed *in forma pauperis* (Docket # 2) be and hereby is GRANTED.

IT IS FURTHER ORDERED that the plaintiff's motion to add defendants and correct the spelling of his name (Docket # 9) be and hereby is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion to add a party (Docket # 11) be and hereby is DENIED.

IT IS FURTHER ORDERED that the plaintiff' s motion to amend a defendant's name (Docket # 17) be and hereby is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for temporary restraining order (Docket # 13) be and hereby is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for order (Docket # 19) be and hereby is DENIED AS MOOT.

IT IS FURTHER ORDERED that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

15

IT IS FURTHER ORDERED that the defendants shall file a responsive pleading to the complaint.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.42 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 21st day of August, 2007.

                                              **SO ORDERED,**

                                              s/ Rudolph T. Randa
                                              **HON. RUDOLPH T. RANDA**
                                              **Chief Judge**